**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01670-001-TUC-JGZ (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Maria Munoz-Garcia, | |
| Defendant. | |

The United States filed a Motion for Reconsideration of the Court's Amended Order dismissing the indictment in this case with prejudice. The Court exercised its discretion to hear argument on the Motion given the relative lack of precedent on this issue and in order to give further consideration to whether dismissal with prejudice in this case is appropriate, and if so, why. Having considered the briefing from both parties and the arguments presented at the partial June 5, 2020, and later rescheduled June 12, 2020, hearings on this Motion, the Court will deny the Government's Motion to Reconsider.

In the Government's Motion, it reiterates many of its previous arguments—emphasizing first that assessing potential prejudice at this juncture is premature and would be better done if and when the charges were refiled and the Defendant became available, and second, that the United States Attorney's Office, in coordination with ICE, is willing to parole in the Defendant to face charges. When asked about the logistics of paroling the Defendant in, were the case instead dismissed without prejudice, the Government explained that the Defendant would be responsible for transportation up to the United

States-Mexico border and for presenting herself to the port of entry, at which point she would be taken into custody by immigration enforcement officers until she could be presented to the Court for reassessment or confirmation of the appropriate bail determination. (Doc. 36.)

The Court is not persuaded that a "lesser remedy" than dismissal with prejudice "will sufficiently cure the concerns that this Court identified" (Doc. 33, pg. 3) in its previous Order. A dismissal without prejudice would present no detriment to the United States—which has preserved the evidence central to its case through memorialized statements and physical storage—but would do nothing to remedy or acknowledge the burdens placed on both the Defendant and the Court as a result of the Government's actions in this case. The Defendant has lost the opportunity to confer with counsel in a timely fashion in order to prepare her defense and would be required to "expend additional resources" to even return to the jurisdiction, simply because the Government chose to prioritize Defendant's deportation over her criminal prosecution. *See United States v. Calderon-Lopez*, No. 19-CR-03027, 2020 WL 261603, at *3 (D. Ariz. May 22, 2020) ("the parole process places an additional burden on Defendant and defense counsel to arrange their consultations and case preparation around the parole process and schedule"). The Government's actions also needlessly burden the Court's already weighty criminal docket.

The United States has not provided a sufficient explanation for why it was unable to take steps to "prevent Defendant's departure through a stay or departure control" once she was released on bond. *United States v. Resendiz-Guevara*, 145 F.Supp.3d 1128, 1136 (M.D. Fla. 2015). At argument, the United States did not assert that it was unaware that Defendant had been taken into ICE custody; only that it "didn't realize that this whole process was going to move as quickly as it did," and that by the time the United States learned that Defendant was going before an immigration judge, she had already appeared and been deported. (Doc. 37.) Review of the record, however, reflects that Defendant was released on bond on June 4, 2019, and not deported until around July 10. As noted by this Court at argument and in various recent orders issued in similar cases, "this is not an

isolated event within this District as the government has been on notice of this issue for well over two years." *United States v. Castro-Guzman*, No. 19-CR-2992 (D. Ariz. May 11, 2020); *see also United States v. Castro-Guzman*, No. 19-CR-2992 (D. Ariz. June 12, 2020) (adopting and quoting from the Report and Recommendation).

Therefore, in light of the Government's interference with Defendant's constitutional and statutory rights, as part of the Court's supervisory power to manage its own docket, and in order to deter the recurring inter-agency conflict which has repeatedly resulted in dismissal of pending cases, the Court will deny the Government's Motion to Reconsider dismissal of this case with prejudice.

Accordingly,

IT IS ORDERED that the Government's Motion for Reconsideration (Doc. 33) is DENIED.

Dated this 16th day of June, 2020.

_____
Honorable Jennifer G. Zipps
United States District Judge